IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Samuel N. Smith, | ) | |
| | ) | 3:15-CV-2177-CMC-TER |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Henry D. McMaster; Jean H. Toal; Rick Quinn; | ) | |
| T. Stephen Lynch; William J. Condon, Jr.; | ) | |
| Sandra Matthews; Tracey Colton Green; | ) | |
| Mitchell Willoughby; John M.S. Hoefer; | ) | |
| World Capitol Brokerage; | ) | |
| Allianz Life Insurance Company; | ) | |
| Gameplan Financial Marketing, LLC; John Carrigg; | ) | |
| S. Jahue Moore; Tiffany Richardson; Bryan Cantrell; | ) | |
| Lindsey Graham; Addison Graves Wilson, Sr.; | ) | |
| Alan Wilson; John E. Courson; William N. Nettles; | ) | |
| David A. Thomas; Nimrati Randhawa Haley; | ) | |
| State of South Carolina; Cameron McGowan Curie; | ) | |
| Shiva Hodges; and Captain John Bishop; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Samuel N. Smith, proceeding pro se, alleges constitutional violations and state law claims against the following defendants: Henry D. McMaster, Jean H. Toal, Rick Quinn, T. Stephen Lynch, William J. Condon, Jr., Sandra Matthews, Tracey Colton Green, Mitchell Willoughby, John M.S. Hoefer, World Capitol Brokerage, Allianz Life Insurance Company, Gameplan Financial Marketing, LLC, John Carrigg, S. Jahue Moore, Tiffany Richardson, Bryan Cantrell, Lindsey Graham, Addison Graves Wilson, Sr., Alan Wilson, John E. Courson, William N. Nettles, David A. Thomas, Nimrati Randhawa Haley, State of South Carolina, Cameron McGowan Curie, Shiva Hodges, and Captain John Bishop. This matter is before the court pursuant to 28 U.S.C. 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). For the reasons that follow, the undersigned recommends that the district judge dismiss this case, without prejudice and without issuance and service of process.[1]

---

[1]Plaintiff has filed a motion to recuse the undersigned (See Doc. 12). The Fourth Circuit has recognized that "there is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." Nakell v. Attorney Gen. of N.C., 15 F.3d 319, 325 (4th Cir.1994) (citations and quotations omitted); see also Code of Judicial Conduct,

1

I.      Factual and Procedural Background

Plaintiff's statement of claim lists several federal statutes and state laws,[2] but provides scant factual allegations. (Entry #1). In the relief section of the complaint, Plaintiff alleges that "the defendants abused the power of their office to attack me 'under color of law' and have used their office to cover up their corruption." Id. at 21. Plaintiff further claims Defendants "manufactured lies in violation of 'Fraud Upon The Court,'" made a calculated decision to hide such fraud, and robbed

---

Canon 3A(2) ("A judge should hear and decide matters assigned, unless disqualified ...."). It is clear from this general proposition that a judge may not sit in cases in which his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a); see also id. § 455(b) (enumerating circumstances requiring recusal). We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal. See Clemens v. U.S. Dist. Ct., 428 F.3d 1175, 1179 (9th Cir.2005); Nichols v. Alley, 71 F.3d 347, 352 (10th Cir.1995). If it is a close case, the balance tips in favor of recusal. Recusal of federal judges is generally governed by 28 U.S.C. § 455. That statute provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. United States v. Cherry, 330 F.3d 658, 665 (4th Cir.2003). For purposes of this statute, the hypothetical "reasonable person" is not a judge, because judges, who are trained to regard matters impartially and are keenly aware of that obligation, "may regard asserted conflicts to be more innocuous than an outsider would." United States v. DeTemple, 162 F.3d 279, 287 (4th Cir.1998). Section 455(a) does not require recusal "simply because of unsupported, irrational or highly tenuous speculation," or because a judge "possesses some tangential relationship to the proceedings." Cherry, 330 F.3d at 665 (internal quotation omitted). The Fourth Circuit recognizes that overly cautious recusal would improperly allow litigants to exercise a "negative veto" over the assignment of judges simply by hinting at impropriety. DeTemple, 162 F.3d at 287. Recusal decisions under 28 U.S.C. § 455(a) are "fact-driven and may turn on subtleties in the particular case." Holland, 519 F.3d at 912. The statute provides a list of specific instances where a federal judge's recusal is mandated, regardless of the perception of a reasonable observer. 28 U.S.C. § 455(b). Here, Plaintiff offers no alleged basis for recusal other than the conclusory statement that the undersigned is "just another clown whose sole purpose is to assure that a federal trial involving corrupt politicians and officials in South Carolina is never heard by using their office to reward their 'corrupt friends.'" Despite Plaintiff's statements, the undersigned knows of no reason why recusal is appropriate in this case. Therefore, because Plaintiff has not set forth a basis for recusal under the law or shown that a reasonable person would question the undersigned's impartiality in this matter, Plaintiff's motion for recusal must be denied. (Doc. # 12).

[2]It is noted that Plaintiff filed two previous lawsuits making similar claims as asserted here. See 3:09-cv-1319-CMC and 3:14-cv-507-CMS. Both of the previous cases were dismissed without service of process.

Plaintiff of his ability to use his education and training to support his family.[3] Id. Plaintiff alleges the State of South Carolina "encourages corrupt politicians to use their office to abuse the power of their office." Id. at 22. Plaintiff also alleges that McMaster and Toal broke into his business. Id. at 15.[4] Plaintiff states many Defendants are attorneys who still have a license to practice law because the chief justice is corrupt. Id. Plaintiff believes Defendants issued instructions to calculate the statute of limitations to assure that [Plaintiff] does not have an inroad back to the United States Supreme Court. Id. Plaintiff claims World Capital Brokerage, Inc., Gameplan Financial Marketing, LLC, and Allianz Life Insurance Company allowed corrupt politicians to demand Plaintiff's termination of employment. Id. at 23. Rick Quinn and Henry McMaster are named for allegedly hiding behind their offices and fraudulently attacking Plaintiff. Id. at 23-24. Plaintiff states that he had to close his office, resulting in a $40,000 lien for lease payments. Id. Plaintiff asks the court to: (1) appropriately charge Defendants for their intentional violations of federal law; (2) award him damages; (3) permanently revoke the law licenses of the attorneys named in this action; (4) request that the United States Supreme Court review the Defendants' actions; and (5) find Rick Quinn guilty of fraud Id. at 21-24.

II.     Discussion

    A.     Standard of Review

---

[3] Based on a labored reading of the scant factual allegations in the Complaint, it appears that Defendant McMaster as the Attorney General of South Carolina litigated an administrative claim through a hearing before a commissioner which resulted in Plaintiff's securities license being revoked. Also Plaintiff appears to allege that he was not given the opportunity to confront witnesses during the hearing and that McMaster did not issue a search warrant. To the extent that Plaintiff seeks to challenge the decision made in an underlying administrative process, abstention by this Court may be appropriate. See Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) (wherein the plaintiff challenged an order of the Texas Railroad Commission on due process and state law grounds; in ordering abstention of the complaint, the Court concluded that a single state agency was best suited to address the complex issues involving oil drilling)

[4] The Court has appropriately considered all of Plaintiff's factual allegations, even though some are outlandish.

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint. This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such pro se complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555.56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dept of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Fed. R. Civ. P. 8 for all civil actions). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or conjure up questions never squarely presented to the to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when the filing fee is paid, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous.[5] See Ross v. Baron, No. 12-1272, 2012 WL 3590914, at *1 (4th Cir. Aug. 22, 2012); see also Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 307.08 (1989) (Section 1915(d) . .

---

[5]Plaintiff is not proceeding in forma pauperis. Therefore, 28 U.S.C. Section 1915(e)(2), which allows sua sponte dismissal of complaints that fail to state a claim, is inapplicable.

4

. authorizes courts to dismiss a frivolous or malicious action, but there is little doubt they would have power to do so even in the absence of this statutory provision.).

B.   Analysis

Federal courts are courts of limited jurisdiction, constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute. In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, sua sponte, to determine if a valid basis for its jurisdiction exists and to dismiss the action if no such ground appears. Id. at 352; see also Fed. R. Civ. P. 12(h)(3) (If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, Pinkley, Inc. v. City of Frederick, MD., 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); see also Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985) ([P]laintiffs must affirmatively plead the jurisdiction of the federal court.). To this end, Fed. R. Civ. P. 8(a)(1) requires that the complaint provide a short and plain statement of the grounds for the court's jurisdiction. When a complaint fails to include an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded. Pinkley, 191 F.3d at 399 (citation omitted). However, if the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id; see also Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452.53 (4th Cir. 2012) (when the alleged federal claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal

5

controversy, then subject matter jurisdiction does not exist) (citation omitted).

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) federal question under 28 U.S.C. Section 1331, and (2) diversity of citizenship pursuant to 28 U.S.C. Section 1332. As discussed below, the factual allegations contained in the instant complaint do not fall within the scope of either form of this court's limited jurisdiction.

1. Diversity Jurisdiction

The diversity statute, 28 U.S.C. Section 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372.74 nn.13.16 (1978). This court has no diversity jurisdiction over this case because Plaintiff fails to demonstrate that he and Defendants are citizens of different states. In absence of diversity of citizenship, the amount in controversy is irrelevant.

2. Federal Question Jurisdiction

"[A] claim of federal question jurisdiction is to be resolved on the basis of the allegations of the complaint itself." Burgess v. Charlottesville Sav. and Loan Assoc., 477 F.2d 40, 43 (4th Cir. 1973). Therefore, a complaint must contain allegations affirmatively and distinctly establishing federal grounds not in mere form, but in substance and not in mere assertion, but in essence and effect. Id. (citing Cuyahoga Co. v. Northern Ohio Co., 252 U.S. 388, 397 (1920)). "[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit." Malone v. Gardner, 62 F.2d 15, 18 (4th Cir. 1932). In the present case, the essential allegations contained in the complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. Section 1331. While Plaintiff lists several federal statutes allegedly violated by Defendants, he provides insufficient factual support for his assertion of federal jurisdiction. (Entry #1). Instead, Plaintiff alleges Defendants have somehow abused the power of

their offices to rob Plaintiff of the ability to work, have caused Plaintiff to be terminated from his employment, and have caused Plaintiff's office to close. Id. at. While Plaintiff alleges such actions were performed under color of law, id. at 20, he fails to demonstrate any type of federal claim against Defendants and fails to show that this case arises under federal law. As conclusory allegations in the complaint are insufficient to support jurisdiction, Burgess, 477 F.2d at 43, this case is subject to summary dismissal.

Additionally, the United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a Plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555. Expounding on its decision in *Twombly*, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (citations omitted) (quoting Twombly, 550 U.S. at 555, 556, 557, 570 and citing to Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003). The court "need not accept the [Plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments."

7

Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir.2006); see also Walker v. Prince George's Cnty., 575 F.3d 426, 431 (4th Cir.2009) (citing Semple v. City of Moundsville, 195 F.3d 708, 712 (4th Cir.1999)).

As to the majority of the named defendants, including T. Stephen Lynch, Sandra Matthews, John Carrigg, S. Jahue Moore, Tiffany Richardson, Bryan Cantrell, Lindsey Graham, Addison Graves Wilson, Sr., Alan Wilson, John E. Courson, William N. Nettles, David A. Thomas, Nimrati Randhawa Haley, and Captain John Bishop, Plaintiff offers no factual allegations or any legal basis to state any claim for relief against these parties. Accordingly, it is recommended that the above captioned case be dismissed as to these Defendants on this basis as well.

Furthermore, to the extent that this action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law, it should be dismissed. Section 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999).

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

42 U.S.C. § 1983.  To establish a claim under § 1983, a Plaintiff must prove two elements: (1) that the Defendant "deprived [the Plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the Plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." Mentavlos v. Anderson, 249 F.3d 301, 310

8

(4th Cir.2001) (third alteration in original) (citation and internal quotation marks omitted). As an initial matter, a number of the Defendants named by Plaintiff are entitled to immunity from suit.

1.    State of South Carolina

Plaintiff sues the State of South Carolina in this action. However, the Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. See Alden v. Maine, 527 U.S. 706, 712–13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890). Such immunity extends to arms of the state, including a state's agencies, instrumentalities, and employees. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101–02 (1984); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). The Eleventh Amendment also bars this court from granting injunctive relief against the state or its agencies. See Alabama v. Pugh, 438 U.S. 781 (1978); Seminole Tribe of Florida, 517 U.S. at 58. While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case. Therefore, Plaintiff's claims against the State of South Carolina are subject to summary dismissal.

2.    Judicial Officers

Plaintiff has sued Judge Cameron McGowan Currie, a United States District Court Judge, Judge Shiva Hodges, a United States Magistrate Judge, and Chief Justice Jean Toal of the South Carolina Supreme Court. To the extent that Plaintiff's claims against these judicial officers are based on their respective official participation and resulting judicial rulings made in relation to any court cases involving Plaintiff are barred by the doctrine of absolute judicial immunity. As the Fourth Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rules is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion

9

> vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

McCray v. Maryland, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), overruled on other grounds, Pink v. Lester, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991)(judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); Stump v. Sparkman, 435 U.S. 349, 359 (1978)("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").

Furthermore, to the extent that Plaintiff's complaint seeks injunctive relief against any of the noted judicial officers, such claims are is barred by 42 U.S.C. § 1984, which states in pertinent part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Id. (emphasis added).

Since there is no existing declaratory decree involved and no legal basis shown for entry of any declaratory judgment requested in this case, any claims by Plaintiff for injunctive relief against these judicial officers is statutorily barred. Catanzaro v. Cottone, 228 Fed. Appx. 164 (3d Cir. April 5, 2007); Esensoy v. McMillan, No. 06-12580, 2007 WL 257342 (11th Cir. Jan 31, 2007).

10

3.   State Attorneys

It appears that Plaintiff sues Defendants McMaster, Green, and Condon for actions associated with judicial cases. To the extent Defendants were acting as prosecuting attorneys, they are entitled to immunity from suit. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings. See Buckley v. Fitzsimmons, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). As Plaintiff's allegations against these Defendants appear to stem entirely from their roles as state prosecutors, they are both entitled to summary dismissal.

4.   Private Attorneys and Entities

Construing this matter as one filed pursuant to 42 U.S.C. § 1983, defendants Hoefer and Willoughby would be entitled to summary dismissal because they have not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: ( 1 ) the defendant(s) deprived him or her of a federal right, and ( 2 ) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). An attorney does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. See Deas v. Potts, 547 F.2d 800 (4th Cir.1976) (private attorney); Lucarelli v. Norton, 2006 WL 709319 (M.D.Pa.2006) (unpublished) (attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court citing Angelico v. Lehigh Valley Hosp., 184 F.3d 268 (3rd Cir.1999) and Polk County v. Dodson, 454 U.S. 312, 318, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.")); Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir.1983) ("[P]rivate attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983."); Limehouse v. Delaware, 144 Fed. Appx. 921 (3d Cir.2005) (private attorney for the opposing party could not be held to be a state actor because there were no facts which established any agreement between the

11

attorney and the state actors to violate the plaintiff's civil rights; a private attorney's representation in a court case, sitting alone, does not act under color of law when performing his function as counsel). Plaintiff's allegations against these Defendants appear to arise out of their professional functions as attorneys. Accordingly, they would be entitled to summary dismissal. World Capitol Brokerage, Allianz Life Insurance Company, Gameplan Financial Marketing, LLC are likewise subject to summary dismissal because they do not qualify as persons acting under color of state law.

Finally, Plaintiff's allegations against Defendant Quinn suggest that he should likewise be dismissed for not acting under color of state law, as it appears that during the time period in question, he would have been acting as a private citizen, and not a state actor. To the extent Plaintiff seeks a criminal investigation or criminal charges against any Defendant through this lawsuit, such a claim is without merit. See Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) (A private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another). Since the Plaintiff does not have a judicially cognizable interest in the criminal prosecution of another, he lacks standing to even raise such a claim. Linda R.S. v. Richard D., 410 U.S. at 619.

To the extent that Plaintiff' alleges any potential state law claims for damages against any of the Defendants, these claims are subject to summary dismissal because this Court does not consider such state-law based claims unless there is diversity jurisdiction or some basis for the exercise of supplemental jurisdiction evident from the face of the Complaint.  See Ysais v. Richardson, 603 F. 3d 1175, 1179 (10th Cir. 2010) (no supplemental jurisdiction for defamation claim); Good v. City of Sunbury, 352 F. Appx. 688, 689-90 (3d Cir. 2009) (§ 1983 does not cover psychological injury like emotional distress/defamation); see also Quint v. Village of Deerfield, No. 07-C 5413, 2010 WL 675565, * 1 (7th Cir. Feb. 26, 2010) (same).  As noted, there is nothing in the Complaint indicating that Plaintiff and Defendants are not all South Carolina residents, thus no basis for the exercise of diversity jurisdiction exists in this case. See C.L. Ritter Lumber Co. v. Consolidation Coal Co., 283

12

F. 3d 226, 229 (4th Cir. 2002) (complete diversity required); Cianbro Corp. v. Jeffcoat & Martin, 804 F. Supp. 784, 788-91 (D.S.C. 1992). Moreover, as shown above, no plausible federal claim is stated against any Defendant, thus there is no basis on which to exercise supplemental jurisdiction to consider state-law-based claims. 28 U.S.C. § 1367(c).

III.     Conclusion

For all of the foregoing reasons, it is recommended that the complaint be dismissed without prejudice and without issuance and service of process. It is also recommended that the court decline to exercise supplemental jurisdiction over any state-law claims presented.

s/ Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

August 12, 2015
Florence, South Carolina

Plaintiff's attention is directed to the important notice on the next page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, SC 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).