# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Samuel N. Smith, ) | |
| ) | Civil Action No. 3:15-cv-02177-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Henry D. McMaster; Jean H. Toal; Rick Quinn; ) | |
| T. Stephen Lynch; William J. Condon, Jr.; ) | |
| Sandra Matthews; Tracey Colton Green; ) | |
| Mitchell Willoughby; John M.S. Hoefer; ) | |
| World Capitol Brokerage; ) | |
| Allianz Life Insurance Company; ) | |
| Gameplan Financial Marketing, LLC; ) | |
| John Carrigg; S. Jahue Moore; ) | |
| Tiffany Richardson; Bryan Cantrell; ) | |
| Lindsey Graham; Addison Graves Wilson, Sr.; ) | |
| Alan Wilson; John E. Courson; ) | |
| William N. Nettles; David A. Thomas; ) | |
| Nimrati Randhawa Haley; ) | |
| State of South Carolina; ) | |
| Cameron McGowan Curie; ) | |
| Shiva Hodges; and Captain John Bishop; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Petitioner, proceeding *pro se*, brought this action alleging constitutional violations and state law claims. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 16) filed on August 12, 2015, recommending that Plaintiff's s Complaint (ECF No. 1) be dismissed without prejudice and without issuance and service of process. The Report further recommends that this court decline to exercise supplemental jurisdiction over any state-law claims presented. The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

1

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Petitioner was advised of his right to file an objection to the Report "within fourteen (14) days of the date of service" or by August 31, 2015. (ECF No. 16.) Petitioner filed no objection.

In the absence of timely filed objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law. The court **DENIES** Plaintiff's Motion to Recuse Magistrate Judge Thomas E. Rogers, III (ECF No. 12) for the reasons the Report states, (*See* ECF No. 16 at 1, n. 1.), and **ADOPTS** the Magistrate Judge's Report and

Recommendation (ECF No. 16).  It is therefore **ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice and without issuance and service of process.  The court also **DECLINES** to exercise supplemental jurisdiction over any state-law claims presented.

### CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 3, 2015
Columbia, South Carolina